UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDRA SHARMA, ASSIGNEE OF SHREE SHIVA LLC, | No. 2:19-cv-0601 TLN DB PS |
| Plaintiff, | <u>ORDER</u> |
| v. | |
| CITY OF REDDING, et al., | |
| Defendants. | |

Plaintiff Narendra Sharma is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Noticed for hearing before the undersigned on June 14, 2019, are defendants' motions to dismiss plaintiff's second amended complaint. (ECF Nos. 9 & 10.) Pursuant to Local Rule 230(c) plaintiff was to file opposition or a statement of non-opposition to defendants' motions "not less than fourteen (14) days preceding the noticed . . . hearing date." Plaintiff, however, has failed to file a timely opposition or statement of non-opposition.

The failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and

1

all applicable law.  Local Rule 183(a).  Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.  In light of plaintiff's pro se status, and in the interests of justice, the court will provide plaintiff with an opportunity to show good cause for plaintiff's conduct along with a final opportunity to oppose defendants' motions.

Although plaintiff did not file an opposition or statement of non-opposition to defendants' motions to dismiss, plaintiff did file a third amended complaint on May 28, 2019.  (ECF No. 14.)  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, ("Rule"), a plaintiff may amend the complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion pursuant to Rule 12(b).  See Fed. R. Civ. P. 15.  In all other cases, a plaintiff may amend the complaint with defendants' written consent or the court's leave.  Id.

"Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."  Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, plaintiff is proceeding on a second amended complaint and must, therefore, obtain defendants' consent or leave of court to file a third amended complaint.  A motion for leave to amend would need to comply with Local Rule 230 and should be noticed on the undersigned's law and motion calendar.

Plaintiff has also filed an ex parte application to take discovery prior to the parties' conferring as required pursuant to Rule 26.  (ECF No. 11.)  "Rule 26(d)(1) provides that '[a] party may not seek discovery from any source before the parties have conferred as required by Rule

26(f), except . . . when authorized . . . by court order.'" St. Louis Group, Inc. v. Metals and Additives Corp., Inc., 275 F.R.D. 236, 239 (S.D. Tex. 2011) (quoting Fed. R. Civ. P. 26)). The court may authorize discovery before the Rule 26(f) meeting for "good cause," meaning simply that the need for discovery outweighs any possible prejudice to the party from whom discovery is sought. Semitool, Inc. v. Tokyo Electron America, Inc., 208 FRD 273, 276 (N.D. Cal. 2002); see also In re Countrywide Financial Corp. Derivative Litigation, 542 F.Supp.2d 1160, 1179 (C.D. Cal. 2008) ("Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

Plaintiff's application fails to establish good cause, why the application was brought ex parte and without first meeting and conferring, and is not notice for hearing in violation of Local Rule 251 and the undersigned's Standard Information. Plaintiff's ex parte application will, therefore, be denied without prejudice to renewal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff show cause in writing within fourteen days of the date of this order as to why this case should not be dismissed for lack of prosecution;

2. The June 14, 2019 hearing of defendants' motions to dismiss (ECF Nos. 9 & 10) is continued to **Friday, July 12, 2019, at 10:00 a.m**., at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

3. On or before **June 28, 2019**, plaintiff shall file an opposition or statement of non-opposition to defendants' motions[1];

4. Plaintiff's May 13, 2019 ex parte application (ECF No. 11) is denied without prejudice to renewal; and

5. Plaintiff is cautioned that the failure to timely comply with this order may result in the recommendation that this case be dismissed.

DATED: June 7, 2019          /s/ DEBORAH BARNES
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiff no longer wishes to pursue this civil action, plaintiff may comply with this order by filing a request for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.