UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARENDRA SHARMA, ASSIGNEE OF SHREE SHIVA LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING, et al.,<br><br>Defendants. | No. 2:19-cv-0601 TLN DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Narendra Sharma is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 22.) For the reasons stated below, defendant Richardson Griswold's motion to dismiss is denied as having been rendered moot. Moreover, the undersigned finds that defendants City of Redding, Debra Wright, and James Wright's, ("City of Redding defendants"), motion to dismiss should be granted, plaintiff's second amended complaint dismissed without further leave to amend, and this action closed.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on April 8, 2019, by filing a complaint and paying the required filing fee. (ECF No. 1.) Plaintiff is proceeding on a second

amended complaint. (ECF No. 6.) Therein, plaintiff alleges that plaintiff Narendra Sharma is proceeding "as an assignee of Shree Shiva LLC . . . a California Limited Corporation[.]" (Sec. Am. Compl. (ECF No. 6) at 1.[1])

In 2004, "Shree Shiva, LLC bought a real property known as Americana Lodge" ("Property") located in Redding, California. (Id. at 5.) On May 21, 2015, the City of Redding ("City"), "obtained an inspection warrant to inspect the Property." (Id.) "[D]efendants conducted a surprise inspection" on May 27, 2015. (Id. at 6.) On July 10, 2015, "the City issued a Legal Notice and Order to Repair or Abate . . . citing 532 code Violations on the property[.]" (Id.)

"On October 27, 2015, the City filed a verified complaint in a Superior Court against Shree Shiva, LLC . . . for Nuisance Abatement and requested for (sic) receivership on the property." (Id. at 7.) The City filed another verified complaint against Shree Shiva, LLC for Nuisance and Abatement on November 12, 2015. (Id.) Plaintiff believes the City does not require similar code compliance with other "hotels-motels in surrounding areas" and brought their lawsuit despite knowing that Shree Shiva LLC was attempting to comply with the code requirements. (Id. at 7-8.)

On November 10, 2015, "Williams Munoz, then Shree Shiva's counsel" sent a letter to the City requesting a reinspection. (Id. at 8.) On November 11, 2015, defendant "Mr. Wright inspected the Property and found bare minimum unabated violations on the Property." (Id.) "On December 17, 2015, Ms. Wright and Mr. Wright . . . falsely declared that Shree Shiva was not likely to take any meaningful steps to bring the Property into compliance[.]"[2] (Id. at 9.) On a date not alleged, "Shree Shiva agreed to stipulate an (sic) appointment of receiver[.]" (Id.)

"On January 22, 2016 the Court ordered that the Receiver [] rehabilitate the Property in accordance with [the] rehabilitation plan approved by [the] Court[.]" (Id. at 9-10.) "[N]either the City nor the receiver inspected the property at the time of taking control and possession of the

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] According to the second amended complaint defendant James Wright was a "building official" of the City of Redding and defendant Debra Wright was the "Code Enforcement Supervisor[.]" (Sec. Am. Compl. (ECF No. 6) at 4-5.)

2

property on March 22, 2016 or on March 29, 2016 or at anytime thereafter." (Id. at 10.) "[M]ost, if not all, of the repairs were made prior to March 22, 2016." (Id.)

"On March 21, 2016, the Receiver had received an offer from a qualified buyer to purchase the property 'as is' for $350,000.00." (Id.) On April 12, 2016, the Receiver "produced a bid before the Court from a local building contractor for $1,525,00.00 based on a violation list created by the City on May 27, 2015." (Id.) That same day the Receiver filed a report concerning the cost of demolishing the property. (Id.) On October 3, 2016, the Receiver filed a motion to demolish the property. (Id. at 12.)

On April 10, 2017, "the Court issued an order permitting the Receiver to Sell the property to Hignell, Inc., a buyer chosen by the Receiver and joined by the City for $375,000.00." (Id.) On October 24, 2017, the Receiver notified the court that the original buyer "asked the Receiver to reduce the price of the property to $225,000.00." (Id.) "On November 11, 2017, the Court issued an order approving the sale of the property to a new buyer . . . for the purchase price of $225,000.00." (Id.) On October 1, 2018, "the Court issued an order discharging the receivership matter and fully discharging [defendant] Richardson Griswold, the receiver, in this case." (Id.)

Based on these allegations the second amended complaint asserts pursuant to: (1) the Fifth Amendment; (2) procedural due process; (3) conspiracy in violation of 42 U.S.C. § 1983; (4) right to free exercise; and (5) equal protection. (Id. at 13-16.) Defendant City of Redding filed a motion to dismiss pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on May 7, 2019. (ECF No. 9.) Defendant Richardson C. Griswold filed a motion to dismiss on May 13, 2019. (ECF No. 10.)

After plaintiff failed to file a timely opposition, an order to show cause issued on June 10, 2019. (ECF No. 17.) Plaintiff filed a response on June 10, 2019, and an opposition on July 1, 2019. (ECF Nos. 18 & 19.) That same day plaintiff filed a notice of voluntary dismissal of defendant Richardson C. Grisworld. (ECF No. 20.) Defendants City of Redding, Debra Wright, and James Wright filed a reply on July 5, 2019. (ECF No. 21.) The undersigned took defendants' motions to dismiss under submission on July 8, 2019. (ECF No. 22.)

////

3

# STANDARDS

## I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

////

**II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not

physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Defendant Griswold's Motion to Dismiss

As noted above, on May 13, 2019, defendant Richardson C. Griswold filed a motion to dismiss. (ECF No. 10.) However, on July 1, 2019, plaintiff filed a notice of voluntary dismissal of defendant Richardson C. Griswold. (ECF No. 20.) Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). "This 'absolute right' for a plaintiff . . . leaves no role for the court to play." American Soccer Co., Inc. v. Score First Enterprises, a Div. of Kevlar Industries, 187 F.3d 1108, 1110 (9th Cir. 1999). "Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Management Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1078 (9th Cir. 1999).

Here, no defendant has filed an answer or a motion for summary judgment. Accordingly, plaintiff's dismissal of defendant Griswold was effective when filed on July 1, 2019. (ECF No. 20.) The Clerk of the Court therefore will dismiss defendant Griswold from this action and defendant Griswold's May 13, 2019 motion to dismiss (ECF No. 10) is denied without prejudice to renewal as having been rendered moot.

### II. Defendant City of Redding, Debra Wright, and James Wright's Motion to Dismiss

Review of plaintiff's second amended complaint and defendants' motion to dismiss finds that defendants' motion to dismiss must be granted for, at least, the following two reasons.

#### A. Representation

The second amended complaint asserts that plaintiff is proceedings "as an assignee of Shree Shiva LLC . . . a California Limited Corporation[.]" (Sec. Am. Compl. (ECF No. 6) at 1.)

However, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). A non-attorney "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987). Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a).

Moreover, an entity may appear only by an attorney. See Local Rule 183(a). Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their entities "pro se." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder). In this regard, "the law is clear that a corporation can be represented only by a licensed attorney." In re Bigelow, 179 F.3d 1164, 1165 (9th Cir. 1999).

Accordingly, plaintiff cannot assert any claim on behalf of Shree Shiva, LLC.

**B.     Standing**

In order to satisfy the "irreducible constitutional minimum" of standing "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

////

As noted by defendants' motion to dismiss, according to the allegations of the second amended complaint at all times relevant "the Subject Property was owned by Shree Shiva," LLC, not plaintiff. (Defs.' MTD (ECF No. 9) at 15.) Plaintiff argues in opposition that on "August 10, 2018 . . . the sole members of Shree Shiva, LLC . . . executed an amended assignment" with plaintiff. (Pl.'s Opp.'n (ECF No. 19) at 11.) Pursuant to this assignment "'all rights' were validly and lawfully assigned to" plaintiff. (Id. at 10.) Even assuming, *arguendo*, this were true plaintiff still fails to articulate an injury caused by a defendant and suffered by plaintiff. As noted above, plaintiff cannot assert causes of action on behalf of Shree Shiva, LLC.

Moreover, the City of Redding defendants have requested judicial notice of a January 22, 2016 stipulation and order entered by the Shasta County Superior Court.[3] The stipulation was agreed to by defendant City of Redding and Shree Shiva, LLC. (Defs.' RJN (ECF No. 9-1) at 101-02). Pursuant to that stipulation and order Shree Shiva, LLC was "enjoined" from "[t]ransfering or encumbering any interests in the Subject Property." (Id. at 131.) Defendants have also requested judicial notice of an April 10, 2017 Shasta County Superior Court order approving the Receiver's motion for final sale of the subject property. (Id. at 190-91.) This order was entered over a year prior to plaintiff's purported August 10, 2018 assignment.

Accordingly, for the reasons stated above, the motion to dismiss filed by defendants City of Redding, Debra Wright, and James Wright should be granted.[4]

**III.   Leave To Amend**

The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to

---

[3] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

[4] In light of this finding the undersigned need not reach defendants' other arguments in support of dismissal.

amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, and plaintiff's prior inability to successfully ament the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.[5] Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.

**CONCLUSION**

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court dismiss defendant Richardson Griswold from this action; and

2. Defendant Richardson Griswold's May 13, 2019 motion to dismiss (ECF No. 10) is denied without prejudice to renewal as having been rendered moot.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants City of Redding, Debra Wright, and James Wright's May 7, 2019 motion to dismiss (ECF No. 9) be granted;

2. The second amended complaint be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////

////

---

[5] On May 28, 2019, plaintiff filed a proposed third amended complaint. (ECF No. 14.) Plaintiff did not seek or obtain leave of court to file a third amended complaint. Nonetheless, in light of plaintiff's pro se status the undersigned reviewed the proposed third amended complaint prior to finding that granting plaintiff further leave to amend would be futile.

9

Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\sharma0601.mtd.f&rs